IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WENDELL R. AYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1211-HE |
| | ) | |
| MARY FALLIN, GOVERNOR, | ) | |
| ST. OF OKLA., JOE P. | ) | |
| ROBERTSON, EXECUTIVE | ) | |
| DIRECTOR, OK. INDIGENT | ) | |
| DEFENSE SYSTEM, BARBARA | ) | |
| HUNT, CLERK, ATOKA | ) | |
| COUNTY DISTRICT COURT, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, has initiated the present action under 42 U.S.C. § 1983. United States District Court Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). For the reasons that follow, the undersigned recommends that, on screening, the Court dismiss the official capacity claims for monetary relief against all Defendants, the official capacity claims for injunctive relief against Defendants Fallin and Robertson, and the individual capacity claims against Defendants Fallin and Robertson.

## I. Plaintiff's complaint.

Plaintiff alleges that his Indigent Defense attorney and Defendant Hunt, the Atoka County Court Clerk, have refused to provide him with a copy of his criminal court records. Doc. 1, at 2-4. In addition to Defendant Hunt, Plaintiff blames his attorney's supervisor, Defendant Robertson, and Defendant Fallin, the State of Oklahoma's Governor. *Id.* at 1-3. Plaintiff names Defendants Hunt, Robertson, and Fallin in both their individual and official capacities and seeks injunctive and monetary relief. *Id.* at 3, 5.

## II. Screening.

Because Plaintiff has sued government officials and is proceeding in forma pauperis, the Court has a duty to screen the complaint. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2). To that end, the Court must dismiss any claim that: (1) fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A(b)(1)-(2), 1915(e)(B)(ii)-(iii). To survive the first element, Plaintiff must plead "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to Plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011) (citation omitted).

2

## III. Plaintiff's official capacity claims for monetary relief against Defendants Fallin and Hunt.

In part, Plaintiff seeks monetary relief, in part, from Defendants in their official capacities. For Defendants Fallin and Hunt, the Court should dismiss these claims on screening.

Official capacity suits brought under § 1983 "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Thus, the official capacity suit against Defendant Fallin is, in essence, a suit against the State of Oklahoma. The same is true for Defendant Hunt. The official capacity claim against this party would be, in essence, against Atoka County District Court, and in Oklahoma, state district courts operate as arms of the State. *See* Okla. Const. Art. 7, § 7; *see also Edward v. Whetsel*, No. CIV-08-134-F, 2009 WL 368487, at *4 (W.D. Okla. Feb. 13, 2009) (unpublished order) ("[D]istrict courts in the State of Oklahoma operate as arms of the State.").

Unless the State unequivocally waives its Eleventh Amendment immunity, it prevents an award of money damages against the State of Oklahoma or any of its entities. *See Guttman v. Khalsa*, 669 F.3d 1101, 1110 (10th Cir. 2012) ("Although a state may waive the sovereign immunity granted to it under the Eleventh Amendment, we require a showing of

3

unequivocal intent to do so."); *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (noting that the Eleventh Amendment's protection encompasses States and "state agencies"). So, the Eleventh Amendment bars Plaintiff's claims for monetary relief against Defendants Fallin and Hunt in their official capacities. *See Schrader v. Richardson*, 461 F. App'x 657, 660 (10th Cir. 2012) (holding that "Congress did not abrogate New Mexico's sovereign immunity" in enacting § 1983 nor did the State consent to suit, so, the Eleventh Amendment barred plaintiff's request for monetary relief against former New Mexico Governor in his official capacity); *Wilkins v. Skiles,* No. 02-3190-JAR, 2005 WL 627962, at *4 (D. Kan. Mar. 4, 2005) (unpublished order) ("As the District Court Clerk for Cowley County, Iverson is a state official . . . [and] the Eleventh Amendment bars suit against her in her official capacity.").

Based on the foregoing, the undersigned recommends that on screening, the Court dismiss Plaintiff's official capacity claims for monetary relief against Defendants Fallin and Hunt without prejudice.

## IV. Plaintiff's official capacity claim for injunctive relief against Defendant Fallin.

Plaintiff also seeks injunctive relief from Defendants in their official capacities. The undersigned recommends that the Court dismiss the claim

4

against Defendant Fallin as she lacks sufficient connection to the underlying conduct.

When official capacity claims for injunctive equitable relief are prospective, they are not ordinarily subject to the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908). Relief is considered "prospective" when it is "designed to end a continuing violation of federal law [and is] necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citations omitted). But the Supreme Court has cautioned that the exception for prospective claims applies only when the officer being sued is responsible for the alleged conduct:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

*Ex parte Young*, 209 U.S. at 157. Thus, state officers are immune unless they "'have a particular duty to enforce the [right] in question.'" *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010) (citation omitted).

Plaintiff has sued Defendant Fallin on grounds that she "is responsible for the actions/inactions of all state entities." Doc. 1, at 2. Presumably,

Plaintiff believes that Defendant Fallin has some role in enforcing the supply of his court records. But Plaintiff's allegations are too conclusory to identify any legitimate connection between Defendant Fallin and the decisions to withhold Plaintiff's transcripts. And, to "accept Plaintiff's view that the Governor is a proper defendant here simply because [she] is the head of the executive branch of Oklahoma would abrogate the Eleventh Amendment bar to suits against states." *Stricklin v. Henry*, 591 F. Supp. 2d 1186, 1190 (N.D. Okla. 2008); *see also Bishop v. Oklahoma*, 333 F. App'x 361, 365 (10th Cir. 2009) (holding that Oklahoma Governor's "generalized duty to enforce state law . . . is insufficient to subject [her] to a suit challenging a constitutional amendment [she has] no specific duty to enforce" (citations omitted)). Indeed, under such an approach, "the Governor would be subject to inclusion in any and all civil rights action for injunctive relief against state agencies and departments." *Stricklin*, 591 F. Supp. 2d at 1190. The undersigned therefore recommends that Plaintiff's claim for injunctive relief against Defendant Fallin in her official capacity be summarily dismissed.

**V.  Plaintiff's individual capacity claims against Defendant Fallin.**

To state a valid claim for relief against Defendant Fallin in her individual capacity, Plaintiff must pled that the Governor's "own individual actions . . . violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). To succeed, Plaintiff may either rely on her personal involvement or

6

on her supervisory decisions. *See Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) (distinguishing between personal and supervisory liability under § 1983) (quotation omitted).

To state a valid claim for relief based on her supervisory decisions, Plaintiff must allege that Defendant Fallin:

> (1) promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.

*Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013).

Alternatively, Plaintiff could allege "an 'affirmative link' between [Defendant Fallin] and the [underlying] violation." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (citation and internal quotations omitted). This "affirmative link" requires allegations of: "(1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind." *Id.*

It is clear from Plaintiff's complaint that he attempts to hold Defendant Fallin liable for the denial of his court records and related conspiracy based on her supervisory status. However, Plaintiff does not allege that Governor Fallin is personally responsible for creating or enforcing a policy to withhold his court records or that she in any way acted with a culpable state of mind. In fact, Plaintiff's allegations involving Defendant Fallin are skeletal at best and offer no more than a conclusory argument that she is liable for the denial

7

of his court records. For this reason, the undersigned recommends that the Court dismiss without prejudice the claims against Defendant Fallin in her individual capacity. *See Ankeney v. Zavaras*, 524 F. App'x 454, 459 (10th Cir. 2013) (affirming dismissal on grounds that plaintiff's complaint offered "only conclusory statements to substantiate his claim that senior . . . officials personal participated in the deprivation of his rights").

## VI. Plaintiff's official and individual capacity claims against Defendant Robertson.

Plaintiff does not name as a defendant the Indigent Defense attorney who allegedly withheld his court records. Instead, Plaintiff names that attorney's supervisor, Defendant Robertson. The flaw in Plaintiff's claim is that the attorney was not acting under color of state law, and thus the claim against the supervisor cannot stand.

To invoke jurisdiction under § 1983, Plaintiff must show that the action in question was taken "under color of state law." 28 U.S.C. § 1983; *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981) (observing that action under color of state law is "a jurisdictional requisite for a § 1983 action"). And the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk*, 454 U.S. at 314; *see also Summers v. Ball*, No. CIV-06-996-T, 2006 WL 3333841, at *1 (W.D. Okla. Nov. 14,

2006) (unpublished order) (applying *Polk* to plaintiff's § 1983 claim raised against "even a state employed" attorney with the Oklahoma Indigent Defense System). So, a state public defender's decision to withhold court records and transcripts "falls squarely within the Supreme Court's holding in *Polk* . . . ." *Eling v. Jones*, 797 F.2d 697, 698-99 (8th Cir. 1986) (affirming the district court's finding that public defender was exercising a "lawyer's traditional function" in deciding to withhold transcripts from plaintiff and therefore did not act under color of state law under § 1983); *see also Brown v. Langdon*, No. 93-8013, 1993 WL 372685, at *2 (10th Cir. Sept. 24, 1993) (unpublished op.) ("We therefore hold the refusal of a state public defender to furnish a copy of a trial transcript to an indigent prisoner represented by the public defender does not state a claim under 1983. We join the Eighth Circuit which, in [*Eling*, 797 F.2d at 698-99], held the decision not to furnish a transcript falls within the attorney-client relationship and does not constitute a state action.").

An exception exists if the public defender and State officials have conspired together to deny the client's constitutional rights. *See Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (citing *Tower v. Glover*, 467 U.S. 914, 920 (1984)). However, "'when a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no

9

supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.'" *Id.* (citation and internal brackets omitted). Here, Plaintiff has alleged generally that "defendants conspired to violate state and/or federal laws," Doc. 1, at 3, but he presents no facts tending to show agreement and concerted action and his claim is simply too conclusory to establish that his Indigent Defense attorney was acting under color of state law. *See Hunt*, 17 F.3d at 1268; *see also Summers*, 2006 WL 3333841, at *1 (holding that Indigent Defense attorney was not acting under color of state law in part because plaintiff had failed "to provide any specific allegations that would show a conspiracy between Defendant and state actors").

Having established that Plaintiff could not assert § 1983 jurisdiction over his Indigent Defense attorney, the Court should find that he therefore cannot state a valid claim against that attorney's supervisor, Defendant Robertson. *See Zapata v. Public Defenders Office*, 252 F. App'x 237, 239 (10th Cir. 2007) (holding that because plaintiff's public defender was not acting under color of state law under § 1983, plaintiff "also cannot recover against" the attorney's supervisor); *Dry v. City of Durant*, No. 99-7137, 2000 WL 1854140, at *6 (10th Cir. Dec. 19, 2000) (unpublished op.) ("In sum, we hold that the § 1983 claims against the defendant officers fail as a matter of law because the plaintiff cannot satisfy the jurisdictional prerequisite that the

defendants acted under color of state law. Because the claims against the supervisory defendants are derivative in nature, those claims cannot survive the dismissal of the claims against the officer defendants.") (citation omitted).

Based on the foregoing, Plaintiff cannot assert § 1983 jurisdiction over Defendant Robertson and the Court should summarily dismiss the official and individual capacity claims asserted against this party without prejudice.

## V. Recommendation and notice of right to object.

The undersigned recommends that the official capacity claims for both monetary and injunctive relief and the individual capacity claims against Defendants Fallin and Robertson be dismissed without prejudice on screening. For Defendant Hunt, the Court should dismiss the official capacity claim for monetary relief without prejudice. The Court's adoption of these recommendations would leave Plaintiff's claim that Defendant Hunt denied Plaintiff access to his court records, which Plaintiff asserts in Hunt's official capacity for injunctive relief and her individual capacity for monetary relief.

Plaintiff is advised of his right to file an objection to the report and recommendation with the Clerk of this Court by January 2, 2014 in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and

legal questions contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral.  If the Court adopts this recommendation, the undersigned anticipates allowing Plaintiff to proceed with service of process for Defendant Hunt.

IT IS SO ORDERED this 13th day of December, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE