## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

WENDELL R. AYERS,               )
                                )
                 Plaintiff,     )
vs.                             )          NO.  CIV-13-1211-HE
                                )
MARY FALLIN, GOVERNOR, et. al,  )
                                )
                 Defendants.    )

## ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983.  He asserts claims against Governor Mary Fallin, Joe P. Robertson, Executive Director of the Oklahoma Indigent Defense System, and Barbara Hunt, Atoka County District Court Clerk, who are sued in both their official and individual capacities.  Plaintiff  alleges that defendants conspired with unspecified attorneys, judges, and other state officials to prevent plaintiff from receiving copies of his criminal court records.  He seeks monetary damages and an injunction ordering the parties to supply him with his requested court records.

Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Suzanne Mitchell, who recommended that the court dismiss both the official capacity and individual capacity claims against defendants Fallin and Robertson and the official capacity claim against Hunt for monetary relief [Doc. 10, pg. 11].

Plaintiff filed an objection to the Report and Recommendation, but the objection did not reflect any meaningful discussion of the report.  It only referred to his motion for leave

to amend the complaint and, presumably, the amended complaint itself which he also filed. Neither the motion nor the amended complaint appear to raise any basis for avoiding the conclusions set out in the Report and Recommendation. Despite the absence of a meaningful objection, the court has conducted a de novo review of the issues as to the Report and Recommendation and concludes it should be adopted in its entirety.

Plaintiff's effort to amend is apparently directed to adding claims against a fourth defendant, his appellate public defender Robert Jackson. However, the proposed claims against Jackson do nothing to avoid the impact of the reasoning in the Report as to potential liability of a public defender for failing to provide a transcript. That is to say, the purported claims do not state a factual basis (as opposed to a conclusory allegation) for concluding that Jackson acted under color of state law. The motion to amend will therefore be denied.

For the reasons stated, the Report and Recommendation [Doc. #10] is **ADOPTED**. All claims against defendants Fallin and Robertson, as well as the official capacity claim against Hunt for monetary relief, are **DISMISSED** without prejudice. Plaintiff's motion to amend his complaint [Doc. #12] is **DENIED**. The claims for injunctive relief against defendant Hunt in her official capacity and for monetary relief in her individual capacity remain for disposition.

**IT IS SO ORDERED**.

Dated this 27th day of March, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE