IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WENDELL R. AYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1211-HE |
| | ) | |
| MARY FALLIN, GOVERNOR, | ) | |
| ST. OF OKLA.; JOE P. | ) | |
| ROBERTSON, EXECUTIVE | ) | |
| DIRECTOR, OK. INDIGENT | ) | |
| DEFENSE SYSTEM; BARBARA | ) | |
| HUNT, CLERK, ATOKA | ) | |
| COUNTY DISTRICT COURT, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, initiated the present action under 42 U.S.C. § 1983 while he was incarcerated in Oklahoma. Doc. 1. United States District Court Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). On the undersigned's recommendation, Doc. 10, the court dismissed all of the claims against Defendants Fallin and Robertson, and the official capacity claim for monetary relief against Defendant Hunt. Doc. 15. Thereafter, it came to the court's attention that Plaintiff is no longer incarcerated; so, the undersigned ordered him to file a notice of change of address and an updated application for leave to proceed in forma pauperis.

Doc. 31. The Clerk of the Court sent the order to an address that Defendant Hunt provided to the court, *see id.*, and there is no indication that the order was undelivered. Plaintiff's deadline was September 23, 2014, and to date, he has not complied with either directive. So, the undersigned recommends that the court dismiss the remaining claims against Defendant Hunt without prejudice.

**I.    Analysis.**

Under Fed. R. Civ. P. 41(b), the court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see also Huggins v. Supreme Court of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (noting that Rule 41(b) has been "consistently interpreted . . . to permit courts to dismiss actions sua sponte . . . ." (citation omitted)); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" (citation omitted)). And, if dismissal is without prejudice, the court may enter such an order without first considering a "non-exhaustive list of

factors." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.[1]

Plaintiff appears pro se; nevertheless, he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007). Plaintiff has neither notified the court of his change in address, *see* LCvR5.4(a), nor has he updated his financial information. Additionally, Defendant Hunt's counsel informs the court that Plaintiff refuses to respond to discovery requests or communicate about the pending litigation. Doc. 30, at 3-4.

The undersigned finds that Plaintiff's inaction and failure to comply with the undersigned's orders have left the court without the ability "to achieve an orderly and expeditious" resolution of the action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution). Accordingly, the undersigned

---

[1] If the statute of limitations has expired, a dismissal without prejudice for failure to prosecute or comply with court rules and orders can have the same practical effect as a dismissal with prejudice. *See AdvantEdge Bus. Grp.*, 552 F.3d at 1236. Here, however, Plaintiff timely commenced his action. Thus, Oklahoma's savings statute would allow Plaintiff one year from the date of this dismissal to recommence his action. *See* Okla. Stat. tit. 12, § 100; *see also Burdex v. Smith*, No. CIV-10-119-D, 2012 WL 1869539, at *3 (W.D. Okla. Apr. 18, 2012) (unpublished recommendation) (finding that because Oklahoma's savings statute would allow the inmate to refile his timely action within one year of dismissal, dismissal without prejudice based on a failure to comply with court orders did not operate as a dismissal with prejudice), *adopted*, 2012 WL 1869411 (W.D. Okla. May 22, 2012) (unpublished order).

recommends that the court dismiss the remaining claims against Defendant Hunt without prejudice.

II. **Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends that the court dismiss the remaining claims against Defendant Hunt without prejudice. The court's adoption of this recommendation will moot Defendant Hunt's motion to compel discovery. Doc. 29. The undersigned directs the Clerk of the Court to send a copy of this order to Plaintiff at 212 Buffalo Court, Alto, New Mexico, 88312.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by October 21, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 30th day of September, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE